United States District Court
Southern District of Texas
ENTERED
September 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL POTOSKY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:26-cv-667 |
| CORE, LLC D/B/A CORE MEDICINE and<br>BECHTEL CORPORATION,<br>Defendants. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION DENYING MOTION TO REMAND**

## I. Synopsis

Plaintiff Michael Potosky alleges that he was discriminated against by Defendants Core, LLC, and Bechtel Corporation due to his religious beliefs and that he experienced retaliation for opposing workplace discrimination. Dkt. No. 1-1 at 9. On June 12, 2026, Defendant Core, LLC removed this case to federal court. Dkt. No. 1. Plaintiff asks the Court to send the case back to state court because Defendant Core, LLC filed its Notice of Removal beyond the 30-day deadline under 28 U.S.C. § 1446(b). The Court finds diversity jurisdiction exists between the parties under 28 U.S.C. § 1332. The only issue before the Court is whether the removal was timely.

The Court finds that Defendant Core, LLC timely removed this state court action to federal court. Because a Motion to Remand is a dispositive matter[1], the Court recommends denial of Plaintiff's Motion to Remand.

## II. Jurisdiction

Federal courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. The record is clear that Plaintiffs is a citizen of Texas. Dkt. No. 1 at 2, ¶ 10. Defendant Core, LLC, is a limited liability company whose members are allegedly citizens of Virginia and Louisiana—specifically identifying William J. Nassetta (Virginia), Ronald Torres, Jr. (Louisiana), and Major Mittendorf (Louisiana). Dkt. No. 1 at 2, ¶11; Dkt. No. 10 at 4. It is well established that a limited liability company is a citizen of each state in which its members are domiciled. 28 U.S.C. §1332; *Harvey*

[1] "[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (C.A.5 (La.), 2016)

*v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). As a result, Defendant Core, LLC is a citizen of Virginia and Louisiana. Defendant Bechtel Corporation is a foreign for-profit corporation incorporated under the laws of Nevada, with its headquarters located in Virginia. Dkt. No. 3 at 2; Dkt. No. 10 at 4. With an exception not relevant here, a corporation is a citizen of both: (1) "every State ... by which it has been incorporated;" as well as (2) "the State…where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Defendant Bechtel Corporation is thus a citizen of both Nevada and Virginia. Accordingly, Plaintiff is diverse from both Defendants, and he does not contest this fact. Dkt. Nos. 1-1, 3.

In his amended state petition, Plaintiff seeks damages not to exceed two million dollars. Dkt. No. 1-1 at 14.

The dispute here centers upon whether Defendant Core, LLC timely removed this case to federal court. For the reasons explained below, the Court finds Defendant Core, LLC timely filed its removal, so this case is properly before the Court under diversity jurisdiction.

## III. Venue

Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events related to Plaintiff's claims occurred in Cameron County, Texas[2], a county served by the Brownsville Division. Additionally, because the case was pending in the 357th Judicial District Court in Cameron County, Texas, Defendant Core, LLC properly removed the case to the district and division within which the case was pending in state court. 28 U.S.C. § 1446(a). See Dkt. No. 1; Dkt. No. 1-3.

## IV. Background

### A. State Court Petition

Originally, on March 19, 2026, Plaintiff filed suit against "Core Occupational Medicine, LLC" and "Bechtel Corporation" in the 357th District Court in Cameron County, Texas. Dkt. No. 1-1 at 33. The suit is based on employment discrimination and retaliation claims which occurred in Cameron County, Texas. *Id*. at 42, ¶ 8.2–8.3. Plaintiff alleges that he was discriminated against by the Defendants due to his religious beliefs and experienced retaliation for opposing workplace discrimination, ultimately resulting in the termination of his employment. *Id.* Plaintiff further

[2] In his amended state petition, Plaintiff alleges the related events substantially took place in Cameron County Texas. Dkt. No. 1-1 at 2, ¶ 3.1.

brings claims based on tortious interference of a contract and intentional infliction of emotional distress. *Id*. at 42–43. Plaintiff seeks lost earnings, special damages, past and future mental anguish, exemplary damages, and attorneys fees. *Id*. at 43–45. In this Original State Complaint, Plaintiff did not allege a specific amount of damages he was seeking, nor is Core, LLC a named party. *See generally* Dkt. No. 1-1 at 33, 43–46.

On May 11, 2026, Defendants Core, LLC and Bechtel Corporation separately filed their original answers to Plaintiff's Original Petition in state court. Dkt. No. 1-2 at 3. Core, LLC put Plaintiff on notice that they are unaware "of an entity named 'Core Occupational Medicine, LLC.'" Dkt. No. 1-1 at 19.

On May 15, 2026, Plaintiff amended his state complaint. Dkt. No. 1-2 at 3–4. In Amended State Complaint, Plaintiff names the Defendants as "Core LLC D/B/A Occupational Medicine" and "Bechtel Corporation." Dkt. No. 1-1 at 2. Plaintiff also specifically states an amount to damages as: "in [an] amount not to exceed two million dollars." *Id*. at 14.

**B. Removal and Motion to Remand Filings**

Defendant Core, LLC removed this case from the 357th Judicial District Court in Cameron County, Texas, to the Southern District of Texas, Brownsville Division on June 12, 2026. Dkt. No. 1.

On July 10, 2026, Plaintiff filed his Motion to Remand the case back to state court. Dkt. No. 3. In his Motion, Plaintiff argues Defendant Core, LLC filed their Notice of Removal beyond the 30-day deadline under 28 U.S.C. § 1446(b). Claiming Defendant Core, LLC was aware of and could clearly ascertain from Plaintiff's original petition that the case was removeable, Plaintiff argues that the 30-day deadline to remove the case begins from when Defendant Core Occupational Medicine, LLC was served with Plaintiff's Original Petition. Dkt. No. 3 at 2.

On July 31, 2026, Defendant Core, LLC filed its Response in Opposition to Plaintiff's Motion to Remand. Dkt. No. 9. The same day, Defendant Core, LLC filed an Amended Response. Dkt. No. 10. The Court will be considering the Amended Response as Defendant Core's operative response.

In its Amended Response, Defendant Core, LLC argues that Plaintiff's Original Petition did not trigger the 30-day removal period for two reasons. First, because Plaintiff did not originally serve Core, LLC or name it as a party to the lawsuit, Defendant argues that this action constitutes as a misidentification that deprives Defendant Core, LLC of a mature right to remove to federal

court, as no action had been brought against Core, LLC. Dkt. No. 10 at 5. Second, Defendant Core, LLC contends that Plaintiff's Original Petition did not plead damages exceeding the federal jurisdictional threshold of exceeding $75,000. *Id*. at 7. According to Defendant Core, LLC, removability only became triggered after Plaintiff's First Amended Petition was served upon them on May 15, 2026, arguing then Defendant Core, LLC timely filed their removal action to federal court on June 12, 2026. *Id.* at 3.

The Motion is now ripe for the Court's consideration.

## V. Standard of Review

### A. Diversity

U.S. Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states or between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1-2).

### B. Removal

Where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 144l(a) and (b). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. *Manguno v. Prudential Property and Cas. Ins.* Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

Generally, notice of removal of a civil action must be filed, "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S. Code § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 8 U.S. Code § 1446(b)(3).

Further, the Fifth Circuit has found that the 30- day removal period is triggered only where initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting and affirming *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992)). *Chapman* lays out a "bright line rule requiring the plaintiff, to place in the initial

pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id*. By rejecting a so-called due-diligence standard, the court sought to promote efficiency by preventing courts from, "expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Id*.

**VI. Analysis**

**A. The Court finds that Plaintiff's Original Petition did not specifically allege damages in excess of the federal jurisdiction amount.**

In its Amended Response to Plaintiff's Motion to Remand, Defendant Core, LLC contends that Plaintiff's Original Petition did not plead damages exceeding the federal jurisdictional threshold of exceeding $75,000. Dkt. No. 10 at 7. According to Defendant Core, LLC, removability only became triggered after receipt of Plaintiff's First Amended Petition on May 15, 2026, in which case Defendant, Core LLC timely filed on June 12, 2026, pursuant to 28 U.S. Code § 1446(b)(1).

The Court agrees. The Fifth Circuit has found that the 30-day removal period is triggered only where initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 399 (5th Cir. 2013) (quoting and affirming *Chapman v. Powermatic*, Inc., 969 F.2d 160 (5th Cir.1992)). Plaintiff's Original State Petition did not state a specific allegation that damages exceeded $75,000. Dkt. No. 1-1 at 33-46. While Plaintiff cites his salary that exceeds $200,000, he does not specifically request damages over $75,000. It was only in Plaintiff's Amended State Petition where he specifically states an amount to damages as: "in [an] amount not to exceed two million dollars." *Id*. at 14.

Accordingly, the 30-day deadline to remove the case to federal court was triggered upon Defendant Core, LLC's receipt of Plaintiff's Amended Petition, which was on May 15, 2026.[3] Dkt. No. 1-2 at 3-4. This means that Defendant Core, LLC's 30-day deadline for removal ended on June 14, 2026. Defendant filed his Notice of Removal on June 12, 2026, making his removal timely.

[3] Plaintiff argues in his Motion to Remand that he served Defendant Core, LLC the Amended Petition on May 11, 2026, and as a result, the 30-day clock should be triggered then. Dkt. No. 3 at 6-7. However, the Court believes that Plaintiff is mistakenly referring to the date when Defendant Core, LLC filed in state court Original Answer to the Plaintiff's Original Complaint (in which no damage amount was alleged). Dkt. No. 1-2 at 3-4.

**B. The Court finds it unnecessary to conclude on Parties' misidentification and misnomer arguments.**

Defendant Core, LLC argues it was incorrectly named in Plaintiff's Original and Amended Petition. In Plaintiff's Original Petition, Defendant is named as "Core Occupational Medicine, LLC." Defendant argues that this constitutes as misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Dalton v. State Farm Lloyd's, Inc*., 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014). Because Core, LLC was not served with or named in Plaintiff's Original Petition, Defendant Core, LLC argues that the Original Petition did not trigger their right to removal nor did it trigger the 30-day removal period.

Plaintiff, however, argues that his failure to correctly name Defendant Core LLC constitutes a misnomer. "With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled." *Dalton v. State Farm Lloyd's, Inc*., 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014). Plaintiff argues that courts permit correction because the intended defendant is before the court, and the mistake does not defeat jurisdiction.

The Court finds it unnecessary to address these arguments considering its prior finding concerning the jurisdictional amount. In either scenario that the Parties suggest, the 30-day clock for removal would only have been triggered once the pleadings were affirmatively pleaded damages exceeding $75,000.

## VII. Recommendation

It is recommended that Plaintiff's Motion to Remand (Dkt. No. 3) be **DENIED**.

## VIII. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Rolando Olvera. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de

novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs*., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 23, 2026.

Karen Betancourt
United States Magistrate Judge